The question in this case were —
1. Whether the warrant was sufficient on its face to authorize the Court to proceed to judgment.
2. Whether the service was sufficient.
The following is a copy of the warrant:
"State of North Carolina, Alamance County.
To any lawful officer to execute and return within thirty days from the date hereof, (sundays excepted:)
You are hereby commanded to summon the North Carolina Rail Road Company or James S. Scott, agent, and them safely keep, so that you have them before me, or some other justice of the peace for the said county, to answer the complaint of Peter Wagoner, for the non-payment of the sum of $35 due by damage sustained."
The warrant was returned "executed on James S. Scott." This person was the agent of the corporation, at the Graham station on the said rail road, with power to receive freight on goods transported, and fare from passengers departing, for which he was bound to account monthly; but he had no other power, or authority, over the affairs of the said company. The case came up by successive appeals to the Superior Court. A motion was made to dismiss the proceeding for want of sufficient certainly in the warrant, which was refused by his Honor. Defendant submitted to judgment for twenty-five dollars, with leave to appeal to the Supreme Court.
Appeal by defendant.
There is error. The warrant issued by the justice of the peace is fatally defective in this, it does not set out with certainty, the manner in which the damage was sustained. It may be that the injury was done to the plaintiff's person, or to his fencing, or houses, or slaves, or cattle. So the *Page 369 
proceeding does not enable the court to see that the injury was of such a nature, as to enable the plaintiff to sue by warrant.
It is unnecessary to decide whether service could rightfully be made, so as to bind the company, on Scott, who was the agent at Graham station. By the Revised Code, ch. 17, sec. 7, where an injury is done to cattle, or other live stock, a warrant may be served on the president, or any director, stockholder, or acting agent. This would seem to conflict with the 7 sec. of the charter of the company, which provides "That notice of process upon the principal agents of said company, or the president, or any of the directors thereof, shall be deemed due service to bring it before any court."
The judgment in the court below must be reversed, and judgment entered for the defendant.
PER CURIAM, Judgment reversed.